## Case No. 15,681a.

UNITED STATES v. McKEAN et al.

[New York Times, Dec. 22, 1857.]

District Court, S. D. New York. Dec. 21, 1857.

CUSTOMS DUTIES—SUFFICIENCY OF APPRAISEMENT —MARKET VALUE.

[1. An appraisement of a cargo of sugar, based solely upon samples taken from a part of the cargo after most of it had been sold and delivered to purchasers, held insufficient.]

[2. An appraisement of a cargo of sugar should be based upon the market value at the date of the actual loading of the cargo, and not at the date of the sailing of the ship.]

This was an action [against McKean, Borie & Co.] to recover $12,586, with interest, for additional duties and penalty on an invoice of Manilla sugar imported in the ship Young America, which sailed from Manilla on September 21, 1855, and arrived here December 31, 1855. The sugars were entered at the custom house, and duties charged and paid on the invoice value, and thereupon the usual permit to land the sugar was given. The cargo had been sold to arrive, and was delivered to the purchasers as fast as landed. Before the whole was landed, the collector claimed that the duties, instead of being calculated upon the invoice at the time of purchase, which was before the date of actual lading in July and August, should be calculated as of the date of sailing, and he ordered an appraisement of the sugars on the wharf. The samplers took one or more samples from that part of the sugar which

had not yet been delivered to the buyers. These samples were taken to the appraiser's office, and on them an appraisement was made, and the value was raised 40 per cent. above the invoice, upon which an additional duty was charged of $3,571.80, and a penalty of $9,014.69 imposed, making together the amount claimed in this action.

Mr. Joachimssen, for the United States.
Mr. Cutting, for defendant.

BETTS, District Judge, held: (1) That there was no evidence of a sufficient or valid appraisement, and the United States were not, therefore, entitled to recover any part of their claim, which depended upon the appraisement alone. (2) That, independently of the invalidity of the appraisement, the date of the actual loading of the cargo, and not of the sailing of the ship, was the period at which the market value should have been estimated and duties charged.

The government then claimed that they were at all events entitled to recover additional duties to be charged upon the value at the time of actual shipment, amounting to $1,356.55, and it was agreed that a verdict should be taken for the plaintiffs for that sum, subject to the opinion of court.